UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRUE EARTH HEALTH PRODUCTS, LLC, a New York limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> BESTRADER LLC, a Missouri limited liability company, and TRADE INSPIRE INC., a Missouri corporation, <br><br> Defendants. | Case No.:  1:23-cv-5340 <br><br> **COMPLAINT FOR PERMANENT INJUNCTION AND DAMAGES FOR: COUNTS I & V - UNFAIR COMPETITION; COUNTS II & IV - TRADEMARK INFRINGEMENT; COUNT III - FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING; AND COUNT VI - DECEPTIVE TRADE PRACTICES** <br><br> **JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiff True Earth Health Products, LLC ("Plaintiff" or "True Earth"), by and through its counsel, hereby brings this action again Bestrader LLC ("Bestrader") and Trade Inspire Inc. d/b/a WealthSkin ("Trade Inspire") (collectively, "Defendants") for unfair competition, trademark infringement, trade dress infringement, false designation of origin, and false advertising in violation of the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125; common law trademark infringement; and unfair competition and deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.* and alleges as follows:

## **NATURE OF THE ACTION**

1.      This is an action arising out of Defendants' unfair competition, willful infringement, bad faith passing off, and intentional siphoning of the good will of Plaintiff's trademark and trade dress, through the unlawful and unauthorized sale of infringing eye serum products.

2.      Plaintiff sells an eye cream product within its PLEXADERM® brand of products in association with a distinctive packaging trade dress and under the trademark RAPID REDUCTION SERUM®.

3.     Plaintiff's RAPID REDUCTION SERUM® trademark has acquired secondary meaning in the minds of consumers as signifying Plaintiff as the source of the associated skincare and cosmetic goods.

4.     The RAPID REDUCTION SERUM® packaging trade dress (the "RRS Trade Dress") is comprised of distinctive dark blue and white boxed packaging with a bar snipe at the top of the packaging stating "ADVANCED FORMULA," a circular graphic element below the snipe, product information in white lettering in the middle front packaging, and the PLEXADERM brand name vertically positioned across the right side of the packaging.

5.     The RRS trade dress is inherently distinctive and commercially strong, as it has become recognized by consumers as indicating Plaintiff is the source of the associated skincare and cosmetic goods.

6.     Defendants sell a competing eye cream product under the brand WEALTHSKIN that uses a confusingly similar mark and confusingly similar packaging trade dress as that used by Plaintiff.

7.     Defendants sell their competing eye cream product under the trademark RAPID REDUCTION EYE SERUM.

8.     On information and belief, Defendants' infringing RAPID REDUCTION EYE SERUM mark and product packaging are intended to mimic and unfairly compete with Plaintiff's RAPID REDUCTION SERUM® trademark and RRS Trade Dress and pass off Defendants' goods as Plaintiff's.

9.     Plaintiff is seeking damages and a permanent injunction, enjoining Defendants from marketing and selling infringing products in the United States, including through Amazon.com and on Defendant Bestrader's wealthskinbeauty.com website.

**PARTIES**

10.     Plaintiff True Earth is a New York limited liability company with an address at 260 Smith Street, Farmingdale, NY 11735.

11.     Plaintiff manufactures and sells cosmetic and skin care products, one of its best-selling products being PLEXADERM® RAPID REDUCTION SERUM®.

12.     Plaintiff has sold substantial quantities of its PLEXADERM® RAPID REDUCTION SERUM® product into the Northern District of Illinois.

13.     Upon information and belief, Defendant Bestrader is a Missouri limited liability company with an address listed with the Missouri Secretary of State at 117 South Lexington St., STE 100, Harrisonville, MO 64701.

14.     Upon information and belief, Defendant Bestrader also maintains a place of business at 4641 Markton Dr., Saint Louis, MO, 63128-4415, as at one time stated on the Amazon Wealthskin third party storefront.

15.     On information and belief, Defendant Bestrader is a manufacturer, distributor, and seller of infringing products on internet commerce sites such as Amazon.com.

16.     Upon information and belief, Defendant Bestrader directs and controls other internet commerce websites offering for sale infringing products, including the website https://wealthskinbeauty.com/.

17.     Upon information and belief, Defendant Trade Inspire Inc. is a Missouri corporation with an address listed with the Missouri Secretary of State at 615 S Bishop Ave, #1008, Rolla, MO 65401-4314.

18.     Upon information and belief, Defendant Trade Inspire sells infringing products and otherwise acts in concert with Defendant Bestrader to sell infringing products.

19.     On information and belief, Defendant Trade Inspire directs and controls numerous storefronts on internet commerce websites offering for sale infringing products, including the Amazon.com Wealthskin storefront.

20.     On information and belief, Defendants have sold substantial quantities of the infringing Wealthskin Rapid Reduction Eye Serum product into the Northern District of Illinois.

## JURISDICTION

21.     This Court has jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, and 1338(a) over the federal trademark infringement and unfair competition claims, which arise under the Federal Lanham Act, 15 U.S.C. § 1051, *et seq.*

22.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the asserted state law claims because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

23.     This Court has personal jurisdiction over Defendants because they have purposefully availed themselves of the privilege of doing business in Illinois, and have otherwise engaged in continuous and systemic business contacts with Illinois and consumers therein, by transacting business in this District by offering for sale and selling infringing products to consumers in Illinois and in this District through online retailers and marketplaces, and by selling and/or distributing infringing products within this District.

## VENUE

24.     Venue is proper under 28 U.S.C. §§ 1391(b) and 1391(c) because a substantial part of the events giving rise to this action occurred in this District. Plaintiff is informed and believes, and on that basis alleges, that Defendants have and are currently selling their goods throughout Illinois using online portals and online retail sellers that sell to Illinois consumers, including those in the Northern District of Illinois.

## FACTUAL ALLEGATIONS

### Plaintiff True Earth's RAPID REDUCTION SERUM® Trademark

25.     Plaintiff True Earth is a seller of cosmetic and skin care products.

26.     Plaintiff markets and sells cosmetic and skin care products under the brand name PLEXADERM®, including its RAPID REDUCTION SERUM® eye cream product.

27.     To promote and protect the value of the RAPID REDUCTION SERUM® trademark, Plaintiff has applied for and registered a trademark with the United States Patent and Trademark Office.

28. Plaintiff owns all right, title, and interest to U.S. Trademark Registration No. 6,015,464 for the RAPID REDUCTION SERUM® trademark in International Class 003 in association with "Non-medicated skin care preparations; body and beauty care cosmetics."

29. The RAPID REDUCTION SERUM® trademark application was filed on March 13, 2019, and later claimed a first use date at least as early as December 2019. The RAPID REDUCTION SERUM® trademark was registered on the Supplemental Register on March 17, 2020.

30. A true and correct copy of the Registration Certificate of U.S. Trademark Registration No. 6,015,464 is attached hereto as Exhibit A.

31. The RAPID REDUCTION SERUM® trademark has acquired distinctiveness in the minds of consumers due to its years of use in commerce, Plaintiff's marketing and advertising, Plaintiff's profits from sales of the marked products, and consumer recognition of the mark as indicating Plaintiff as the source of associated products.

32. Plaintiff owns all right, title, and interest to all registered and common law rights in the RAPID REDUCTION SERUM® trademark, which grant Plaintiff the right to exclude others from using confusingly similar trademarks on related goods and services.

33. As a result of the foregoing, the RAPID REDUCTION SERUM® trademark is widely recognized by consumers of eye cream products and related goods, and specifically recognized as emanating from Plaintiff True Earth.

34. Due to the superior quality of Plaintiff's PLEXADERM® RAPID REDUCTION SERUM® products, and because Plaintiff is recognized as the source of high quality products, the RAPID REDUCTION SERUM® trademark has substantial value.

**Plaintiff True Earth's RRS Trade Dress**

35. The PLEXADERM® RAPID REDUCTION SERUM® products are sold in association with distinctive packaging trade dress.

36.     Plaintiff has continuously used, marketed, and sold its RAPID REDUCTION SERUM® products in association with its distinctive trade dress (the "RRS Trade Dress") in U.S. commerce since at least as early as 2019.

37.     As used herein, the RRS Trade Dress refers to the overall look and feel of the customer-facing packaging of the Rapid Reduction Serum product and includes such elements as choice of font, graphical elements, and layout for the product information.

38.     The RRS Trade Dress is comprised of, at least, distinctive dark blue and white boxed packaging with a bar snipe at the top of the packaging stating "ADVANCED FORMULA," a circular graphic element below the snipe, product information in white lettering in the middle front packaging, and the PLEXADERM brand name vertically positioned across the right side of the packaging:



**Plaintiff's PLEXADERM®
RAPID REDUCTION SERUM®**

39.     Plaintiff devotes a significant amount of time, energy, and resources toward protecting the quality and value of its PLEXADERM® brand, RAPID REDUCTION SERUM® trademark, RRS Trade Dress, products, and reputation, including significant marketing and advertising expenditures.

40.     Plaintiff owns all right, title, and interest to all common law rights in the RRS Trade Dress, which grant Plaintiff the right to exclude others from using confusingly similar trade dress on related goods and services.

41.     As a result of the foregoing, the RRS Trade Dress is widely recognized by consumers of eye cream products and related goods, and specifically recognized as emanating from Plaintiff True Earth.

42.     Due to the superior quality of Plaintiff's PLEXADERM® RAPID REDUCTION SERUM® products, and because Plaintiff is recognized as the source of high quality products, the RRS Trade Dress has substantial value.

**Defendants' Infringing Mark and Trade Dress**

43.     In or around 2022, Defendants began marketing and selling infringing eye cream products in association with a confusingly similar RAPID REDUCTION EYE SERUM mark and packaging trade dress to Plaintiff's RAPID REDUCTION SERUM® trademark and RRS Trade Dress, as shown in the image below, through, *inter alia*, Amazon and wealthskinbeauty.com, as well as other websites:



**Defendants' WEALTHSKIN
Rapid Reduction Eye Serum**

44.     Accordingly, Plaintiff True Earth has used its RAPID REDUCTION SERUM®

trademark and RRS Trade Dress continuously in commerce in connection with its eye cream products well before Defendants' first use thereof.

45.     Defendants' goods are highly related to and directly competitive with the eye cream products sold under the RAPID REDUCTION SERUM® trademark and RRS Trade Dress.

46.     Defendants' eye cream products are sold to the same consumers seeking Plaintiff's products, through the same trade channels (i.e., Amazon), and advertised through the same marketing channels as Plaintiff's eye cream goods.

47.     Defendants' products are significantly less expensive than Plaintiff's products, diverting consumer sales to Defendants and causing consumers to exercise less care.

48.     Defendants' RAPID REDUCTION EYE SERUM mark and packaging trade dress is substantially similar in sight, sound, and commercial impression to Plaintiff's RAPID REDUCTION SERUM® trademark and RRS Trade Dress.

49.     On information and belief, Defendants' infringing products are intended to mimic Plaintiff's RAPID REDUCTION SERUM® trademark and RRS Trade Dress and pass off Defendants' goods as Plaintiff's to confuse consumers into believing Defendants' products are associated with Plaintiff:




**Plaintiff's PLEXADERM®**          **Defendants' WEALTHSKIN**
**RAPID REDUCTION SERUM®**          **Rapid Reduction Eye Serum**

50. As shown above, Defendants' packaging incorporates a confusingly similar RAPID REDUCTION EYE SERUM mark to Plaintiff's RAPID REDUCTION SERUM® trademark.

51. Furthermore, Defendant's packaging incorporates Plaintiff's distinctive dark blue and white packaging, bar snipe at the top of the packaging stating "ADVANCED FORMULA," a circular graphic element below the snipe, product information in white lettering in the middle front packaging, and Defendant's brand name vertically positioned across the right side of the packaging.

52. In addition, Defendants' product bottle incorporates a confusingly similar RAPID REDUCTION EYE SERUM mark to Plaintiff's RAPID REDUCTION SERUM® trademark and Plaintiff's distinctive dark blue and white packaging, bar snipe at the top of the packaging stating "ADVANCED FORMULA," product information in white lettering in the middle front packaging, and Defendant's brand name vertically positioned across the right side of the packaging.

53. Defendants have at times used images of each of the outer packaging and product in their marketing of their RAPID REDUCTION EYE SERUM product.

54. As a result of Defendants' marketing and sale of a confusingly similar mark and trade dress on related goods, Plaintiff has been damaged by, at least, lost sales and harmed reputation due to the differential quality between Plaintiff and Defendants' products.

55. Defendants' infringing actions have misled and will continue to mislead consumers into believing that Defendants' products are somehow affiliated with Plaintiff, or that Plaintiff has approved, sponsored, or supplied products to Defendants.

56. On or around December 16, 2022, Plaintiff sent correspondence to Bestrader providing notice of Plaintiff's rights in the RRS Trade Dress and requesting that Bestrader cease and desist from its sale of infringing products in the United States.

57. On or around June 22, 2023, Plaintiff sent correspondence to Trade Inspire (copying Bestrader) providing notice of Plaintiff's rights in the RRS Trade Dress and requesting that Trade Inspire cease and desist from its sale of infringing products in the United States.

58.     To date, Plaintiff has received no response from either Defendant, and neither Defendant has ceased offering the infringing products for sale in the United States.

59.     Defendants' infringement of the RAPID REDUCTION SERUM® trademark and RRS Trade Dress was and is willful and intentional, with full knowledge of Plaintiff's prior rights.

60.     Defendants' use of its infringing mark and trade dress in connection with its eye cream products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Defendants and Plaintiff, and/or is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' infringing goods and Plaintiff's products, trade dress, and related commercial activities.

61.     Upon information and belief, Defendants' RAPID EYE REDUCTION SERUM product is manufactured in China.

62.     Upon information and belief, all, or nearly all, of the assembly of Defendants' RAPID EYE REDUCTION SERUM is performed in China.

63.     Defendant Bestrader has failed to mark on its RAPID EYE REDUCTION SERUM products that they are made in China or any other country of manufacture.

64.     Defendant Bestrader has marked the outer packaging of its RAPID EYE REDUCTION SERUM products with an image of the flag of the United States next to the statement "Designed by USA" [sic] and elsewhere on the outer packaging with the statement "Designed and Assembled in UAS" [sic].

65.     The purchasing decisions of many consumers, including consumers of cosmetic and skin care products, is influenced by the country of manufacture or the country of assembly, with some consumers wishing to support American-made and American-assembled products and others wishing to avoid products manufactured or assembled in certain nations, including China, because of personal opinions of the actions of the governments of such nations.

66.     Plaintiff's RAPID REDUCTION SERUM® products are manufactured in the United States.

67.     Defendant Bestrader's failure to mark the foreign country of origin on its RAPID EYE REDUCTION SERUM products while depicting an American flag on the packaging is likely to cause confusion and to deceive purchasers as to the country of origin of the product.

68.     Defendant Bestrader's false and deceptive marking of the country of assembly of its RAPID EYE REDUCTION SERUM products is likely to cause confusion and deceive purchasers as to the country of assembly of the product.

69.     Defendant Bestrader's failure to mark the foreign country of origin while depicting an American flag on the packaging and false or deceptive marking of the country of assembly of its RAPID EYE REDUCTION SERUM products is likely to affect a prospective buyer's purchasing decisions and cause a diversion of trade from Plaintiff.

70.     Upon information and belief, Defendant Trade Inspire has knowledge of the above-described marking failures of Defendant Best Trader during the time it has sold and is selling the RAPID EYE REDUCTION SERUM.

71.     Plaintiff has been unable to compete fairly with Defendants as a result of the above-described marking failures, and has incurred and continues to incur damage from lost sales to Defendants.

## COUNT I
## FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a)(1)(A))

72.     Plaintiff restates and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

73.     Plaintiff's RAPID REDUCTION SERUM® trademark is a valid and enforceable trademark entitled to protection under the Lanham Act, and Plaintiff has continually used the mark in commerce since at least as early as 2019.

74.     Plaintiff owns all right, title, and interest to U.S. Trademark Registration No. 6,015,464 for the RAPID REDUCTION SERUM® trademark in International Class 003 in

association with "Non-medicated skin care preparations; body and beauty care cosmetics," as well as any concurrent common law rights.

75.     The RAPID REDUCTION SERUM® trademark has acquired distinctiveness in the minds of consumers due to its years of use in commerce, Plaintiff's marketing and advertising, Plaintiff's profits from sales of the marked products, and consumer recognition of the mark as indicating Plaintiff as the source of associated products.

76.     Plaintiff's RRS Trade Dress is a valid and enforceable common law trademark entitled to protection under the Lanham Act, and Plaintiff has continually used the RRS Trade Dress in interstate commerce since at least as early as 2019.

77.     Defendants' use of a substantially similar mark and trade dress in connection with its highly related eye cream products, separately and in combination, is likely to cause confusion or mistake among consumers, or to deceive consumers as to the source of such goods or as to an affiliation between Plaintiff and Defendants, in violation of 15 U.S.C. § 1125(a)(1)(A).

78.     Defendants' unauthorized marketing and sale of its products in interstate commerce using its infringing trademark and trade dress is intended to pass off Defendants' products as originating from Plaintiff. The actions of Defendants as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

79.     As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and good will, and Defendants have and will continue to unfairly acquire income, profits, and good will.

80.     Defendants' acts of unfair competition will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

**COUNT II**
**TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

81.     Plaintiff restates and re-alleges each of the foregoing paragraphs of this Complaint

as if fully set forth herein.

82.     Plaintiff's RAPID REDUCTION SERUM® trademark is a valid and enforceable trademark entitled to protection under the Lanham Act, and Plaintiff has continually used the mark in commerce since at least as early as 2019.

83.     Plaintiff's RRS Trade Dress is a valid and enforceable common law trademark entitled to protection under the Lanham Act, and Plaintiff has continually used the RRS Trade Dress in interstate commerce since at least as early as 2019.

84.     Plaintiff owns all right, title, and interest in the RAPID REDUCTION SERUM® trademark and RRS Trade Dress in association with skin care products and is entitled to exclude others from using confusingly similar marks on related goods.

85.     Defendant uses an infringing RAPID REDUCTION EYE SERUM mark in connection with skin care products in commerce that is similar in sight, sound, and meaning to Plaintiff's RAPID REDUCTION SERUM® trademark.

86.     Defendant uses an infringing trade dress in commerce in connection with eye cream products that is similar in sight and meaning to Plaintiff's RRS Trade Dress.

87.      Defendants' use of the infringing mark and trade dress is without Plaintiff's authorization or consent.

88.     Defendants' use of the infringing mark and trade dress, both separately and in combination, on eye cream products is likely to cause confusion or mistake among consumers, or to deceive consumers as to the source of such goods or as to an affiliation between Plaintiff and Defendants, in violation of 15 U.S.C. § 1114(1).

89.     Plaintiff has expended substantial sums, time, and effort in marketing and selling its RAPID REDUCTION SERUM® products and associated RRS Trade Dress.

90.     Notwithstanding Plaintiff's established rights in the RAPID REDUCTION SERUM® trademark and RRS Trade Dress, since at least 2022, Defendants have adopted and made unauthorized use of the substantially similar RAPID REDUCTION EYE SERUM mark and trade dress in interstate commerce in connection with related goods.

91.     Defendant has infringed Plaintiff's RAPID REDUCTION SERUM® trademark and RRS Trade Dress, both separately and in combination, by marketing and selling eye cream products using a confusingly similar mark and trade dress.

92.     Defendants have persisted in their infringing activity despite receiving actual notice of Plaintiff's rights from Plaintiff.

93.     Defendants' actions are likely to mislead the public into concluding that their goods originate with or are authorized by Plaintiff, or vice versa, which will damage both Plaintiff and the public.

94.     Plaintiff has no control over the quality of goods sold by Defendants, and because of the likely source confusion caused by Defendants, Plaintiff has lost control over its valuable good will and reputation.

95.     As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and good will, and Defendants have unfairly acquired and will continue to unfairly acquire income, profits, and good will.

96.     Defendants' acts of infringement will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

97.     Because Defendants' acts of infringement are in bad faith, this action constitutes an exceptional case entitling Plaintiff to recover reasonable attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT III
## FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING
### (16 U.S.C. § 1125(a))

98.     Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

99.     Defendant Bestrader's failure to mark the foreign country of manufacture on its RAIPD REDUCTION EYE SERUM products is a violation of 19 U.S.C. § 1304.

100.    Defendant Bestrader's failure to mark the foreign country of manufacture on its

RAPID REDUCTION EYE SERUM products while depicting an American flag on the products' packaging is a false designation of the origin of its products in violation of § 43(a) of the Lanham Act.

101.    Defendant Bestrader's false and deceptive marking of its RAPID REDUCTION EYE SERUM products with respect to the country of assembly is a false designation of the origin of its products in violation of § 43(a) of the Lanham Act.

102.    The false and deceptive markings regarding the country of manufacture and country of assembly were made in the advertising and promotion of Defendants' RAPID REDUCTION EYE SERUM products.

103.    On information and belief, the false and deceptive markings regarding the country of manufacture and country of assembly separately and in combination actually confused or deceived a substantial number of purchasers of Defendants' RAPID REDUCTION EYE SERUM products and are likely to continue to confuse or deceive potential purchasers of Defendants' RAPID REDUCTION EYE SERUM products and divert sales from Plaintiff to Defendant.

104.    As a direct and proximate result of Defendants' false designation of origin and false and deceptive advertising, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and good will, unless Defendants are permanently restrained and enjoined by the Court.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

105.    Plaintiff restates and re-alleges each of the foregoing paragraphs of this Complaint as if fully set forth herein.

106.    Plaintiff's RAPID REDUCTION SERUM® trademark is a valid and enforceable trademark entitled to protection under Illinois law, and Plaintiff has continually used the mark in commerce since at least as early as 2019.

107.    Plaintiff's RRS Trade Dress is a valid and enforceable common law trademark entitled to protection under Illinois law, and Plaintiff has continually used the RRS Trade Dress in

interstate commerce since at least as early as 2019.

108.     Plaintiff owns all right, title, and interest in the RAPID REDUCTION SERUM®
trademark and RRS Trade Dress in association with skin care products and is entitled to exclude
others from using confusingly similar marks on related goods.

109.     Defendants use an infringing RAPID REDUCTION EYE SERUM mark in
connection with skin care products in commerce that is similar in sight, sound, and meaning to
Plaintiff's RAPID REDUCTION SERUM® trademark.

110.     Defendants use an infringing trade dress in commerce in connection with eye cream
products that is similar in sight and meaning to Plaintiff's RRS Trade Dress.

111.     Defendants' use of the infringing mark and trade dress is without Plaintiff's
authorization or consent.

112.     Defendants' use of the infringing mark and trade dress, both separately and in
combination, on eye cream products is likely to cause confusion or mistake among consumers, or
to deceive consumers as to the source of such goods or as to an affiliation between Plaintiff and
Defendants, in violation of 15 U.S.C. § 1114(1).

113.     Plaintiff has expended substantial sums, time, and effort in marketing and selling
its RAPID REDUCTION SERUM® products and associated RRS Trade Dress.

114.     Notwithstanding Plaintiff's established rights in the RAPID REDUCTION
SERUM® trademark and RRS Trade Dress, since at least 2022, Defendants have adopted and made
unauthorized use of the substantially similar RAPID REDUCTION EYE SERUM mark and trade
dress in interstate commerce in connection with related goods.

115.     Defendants have infringed Plaintiff's RAPID REDUCTION SERUM® trademark
and RRS Trade Dress, both separately and in combination, by marketing and selling eye cream
products using a confusingly similar mark and trade dress.

116.     Defendants have persisted in their infringing activity despite receiving actual notice
of Plaintiff's rights from Plaintiff.

117.     Defendants' actions are likely to mislead the public into concluding that their goods

originate with or are authorized by Plaintiff, or vice versa, which will damage both Plaintiff and the public.

118.    Plaintiff has no control over the quality of goods sold by Defendants, and because of the likely source confusion caused by Defendants, Plaintiff has lost control over its valuable good will and reputation.

119.    As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and good will, and Defendants have unfairly acquired and will continue to unfairly acquire income, profits, and good will.

120.    Defendants' acts of infringement will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

**COUNT V**
**ILLINOIS UNFAIR COMPETITION**
**(815    ILCS 510/ *et seq.*, Illinois Uniform Deceptive Trade Practices Act)**

121.    Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

122.    A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person: (1) passes off goods or services as those of another; (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; or (3) causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another.

123.    Plaintiff's RAPID REDUCTION SERUM® trademark is a valid and enforceable trademark entitled to protection under the Lanham Act, and Plaintiff has continually used the mark in commerce since at least as early as 2019.

124.    Plaintiff owns all right, title, and interest to U.S. Trademark Registration No. 6,015,464 for the RAPID REDUCTION SERUM® trademark in International Class 003 in

association with "Non-medicated skin care preparations; body and beauty care cosmetics," as well as any concurrent common law rights.

125.    The RAPID REDUCTION SERUM® trademark has acquired distinctiveness in the minds of consumers due to its years of use in commerce, Plaintiff's marketing and advertising, Plaintiff's profits from sales of the marked products, and consumer recognition of the mark as indicating Plaintiff as the source of associated products.

126.    Plaintiff's RRS Trade Dress is a valid and enforceable common law trademark entitled to protection under the Lanham Act, and Plaintiff has continually used the RRS Trade Dress in interstate commerce since at least as early as 2019.

127.    Defendants' use of a substantially similar mark and trade dress in connection with its highly related eye cream products is likely to cause confusion or mistake among consumers, or to deceive consumers as to the source of such goods or as to an affiliation between Plaintiff and Defendants, in violation of 15 U.S.C. § 1125(a)(1)(A).

128.    Defendants' unauthorized marketing and sale of its products in interstate commerce using its infringing trade dress is intended to pass off Defendants' products as originating from Plaintiff. The actions of Defendants as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

129.    As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and good will, and Defendants have and will continue to unfairly acquire income, profits, and good will.

130.    Defendants' acts of unfair competition will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

131.    As a direct and proximate result of Defendants' false designation of origin and false and deceptive advertising, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and good will, unless Defendants are permanently restrained and enjoined by the Court.

## COUNT VI
## DECEPTIVE TRADE PRACTICE
**(815ILCS 510/ et seq., Illinois Uniform Deceptive Trade Practices Act)**

132.     Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

133.     Defendants' failure to mark their products as manufactured in China and falsely marking their products as assembled in the USA, and knowing advertising, marketing, and sale of such products within Illinois, constitute misrepresentation and concealment of material facts related to the qualities of the products, done with the intent that consumers rely upon such misrepresentations and concealment in making their purchasing decisions.

134.     The Federal Trade Commission has determined falsely stating that a product is assembled in the United States when it is substantially assembled in a foreign country is a violation of Section 5(a) of the Federal Trade Commission Act.

135.     Under the Illinois Deceptive Trade Practices Act, consideration of what constitutes a "deceptive trade practice" is given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act.

136.     Accordingly, Defendants have further violated the Illinois Deceptive Trade Practices Act by, *inter alia*, failing to mark their products as manufactured in China, falsely marking their products as assembled in the United States, and knowingly advertising, marketing, and selling such products within Illinois.

## PRAYER FOR RELIEF

**WHEREFORE,** in consideration of the foregoing, Plaintiff True Earth Health Products LLC requests that this Court enter an Order granting it the following relief:

A.     Entering a judgment that Defendants' infringing mark and trade dress constitutes unfair competition in violation of 15 U.S.C. § 1125(a);

B.      Entering a judgment that Plaintiff's RAPID REDUCTION SERUM® trademark has been and continues to be infringed by Defendants in violation of 15 U.S.C. § 1114(1);

C.      Entering a judgment that Plaintiff's RRS Trade Dress has been and continues to be infringed by Defendants in violation of 15 U.S.C. § 1114(1);

D.      Entering a judgment that Defendants' false designation of origin and false advertising constitutes false advertising in violation of 15 U.S.C. § 1125(a);

E.      Entering a judgment that Defendants' infringing mark and trade dress constitutes unfair competition and/or a deceptive trade practice in violation of Illinois law;

F.      Entering a judgment that Defendants' false designation of country of origin and false representation of country of assembly constitutes a deceptive trade practice in violation of Illinois law;

G.      Entering a judgment that Defendants' infringing mark and trade dress constitute common law trademark infringement in violation of Illinois law;

H.      Permanently enjoining and restraining Defendants and their agents, representatives, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them from using the RRS Trade Dress, or any other designation alone or in combination with other words or symbols, as a trademark, trade name component, trade dress, or otherwise, to market, advertise, distribute or identify Defendants' products where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's RRS Trade Dress;

I.      Permanently enjoying and restraining any internet marketplace website operators and/or administrators, or any third-party providing services in connection with any of Defendants' infringing products and/or any of Defendants' websites, including without limitation, ukliss.com,

Amazon.com, Alibaba.com, eBay.com, Facebook.com, wealthskinbeauty.com, and ISPs, from listing Defendants' infringing products;

J.      Pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

K.      Pursuant to 15 U.S.C. § 1118, requiring that Defendants and all others acting under Defendants' authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels and other material in their possession bearing the infringing trade dress;

L.      Awarding Plaintiff all damages it sustained as the result of Defendants' acts of infringement and unfair competition, including but not limited to prospective corrective advertising costs, said amount to be trebled pursuant to 15 U.S.C. § 1117;

M.      Awarding to Plaintiff all profits received by Defendants from sales and revenues of any kind made as a result of its willful and intentional infringing actions, said amount to be trebled, after an accounting pursuant to 15 U.S.C. § 1117;

N.      Awarding Plaintiff its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

O.      Awarding Plaintiff costs of suit, prejudgment and post judgment interest; and

P.      Granting Plaintiff such other and further relief as the Court may deem just.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all triable issues.

Dated: August 10, 2023

**_/s/Manon Burns_**
AMIN TALATI WASSERMAN, LLP
Jonathan J. Krit
Manon Burns
549 W Randolph St., Ste. 400
Chicago, IL 60661
Tel: (312) 466-1033
Fax: (312) 884-7352
jonathan@amintalati.com
manon@amintalati.com

Attorneys for Plaintiff,
True Earth Health Products LLC